UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MUSTAFA K. HAMMETT,

    Plaintiff,

vs.

APPLEBEE'S CORPORATION,

    Defendant.

Case No. 3:23-cv-266

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT (Doc. No. 19)**

---

Liberally construing Plaintiff's *pro se civil* complaint in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he claims that, during the course of his employment with Defendant Applebee's Corporation, his supervisor harassed, threatened, and discriminated against him in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2, *et seq*. Doc. No. 1. The case is pending upon Plaintiff's motion for default judgment (Doc. No. 19). Liberally construing Plaintiff's motion in his favor, *see Estelle*, 429 U.S. at 106, he seeks an Order entering default judgment against Defendant pursuant to Fed. R. Civ. P. 55.

**I.**

Plaintiff has had difficulty effecting proper service of summons on Defendant. *See* Doc. Nos. 3-6, 8-13, 16-17. His most recent attempt resulted in a summons returned executed, which indicates that an individual personally served the summons on the manager of a specific Applebee's restaurant located in Huber Heights, Ohio. Doc. No. 18 at PageID 54. According to the summons, Defendant's answer was due on December 3, 2024. *Id*. Defendant did not file an answer or otherwise respond to Plaintiff's complaint by December 3, 2024.

A party defaults when, having been properly served with summons, it fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Assuming, *arguendo*, that Plaintiff has properly effected service of summons on Defendant, his motion for default judgment lacks merit.

For a default judgment to issue, a two-step procedure must be followed: First, the Clerk of Court must enter a party's default on the docket, *see id.*; second, the party seeking default must file a motion for default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *see also Misner v. Empire Auto Protect, LLC*, No. 2:24-cv-1282, 2024 WL 4688940, at *2 (S.D. Ohio Nov. 6, 2024). Plaintiff filed his motion for default judgment before the Clerk of Court had a reasonable opportunity to enter Defendant's possible default in the record. This is the reverse of the procedure Rule 55(a)-(b) requires. *Cf. United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("The procedural steps contemplated by [Rule 55(a)-(b)] following a defendant's failure to plead or defend … begin with the entry of a default by the clerk upon a plaintiff's request"). Consequently, Plaintiff's motion for default judgment is premature.

In addition, concern exists over the merits of Plaintiff's motion because the Court considers the following factors before entering a default judgment: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)). Neither the case record, Plaintiff's complaint, nor his motion for default judgment provide the Court with sufficient information to meaningfully consider many of the above factors. Because of this, the final factor—the Court's preference for decisions on the merits—weighs heavily against entering

2

default judgment. *See Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002) ("Trials on the merits are favored in federal courts (quoting *United Coin Meter*, 705 F.2d at 846)).

## II.

Accordingly, for the above reasons, Plaintiff's motion for default judgment is **DENIED**.

**IT IS SO ORDERED**.

February 3, 2025　　　　　　　　　　　　s/*Michael J. Newman*
　　　　　　　　　　　　　　　　　　　　Hon. Michael J. Newman
　　　　　　　　　　　　　　　　　　　　United States District Judge