UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MUSTAFA K. HAMMETT,

Plaintiff,

Case No. 3:23-cv-266

vs.

APPLEBEES CORPORATION, *et al.*,

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

Defendants.

---

**ORDER: (1) FINDING THAT PLAINTIFF HAS FAILED TO COMPLY WITH THE COURT'S MAY 27, 2026 ORDER (Doc. No. 31); (2) DISMISSING CASE WITHOUT PREJUDICE; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Mustafa K. Hamett, appearing *pro se*, filed an Amended Complaint, with leave of Court, on June 26, 2026. Doc. No. 32. Liberally construing Plaintiff's *pro se* amended complaint in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he claims his employer retaliated against him in violation of Title VII of the Civil Rights Act of 1964. Doc. No. 32. To date, no Defendant has been properly served with process, and Plaintiff has repeatedly failed to comply with the Court's Orders. *See* Doc. Nos. 27, 31. For the reasons set forth herein, the Court dismisses this case without prejudice pursuant to Fed. R. Civ. P. 41(b) and—after providing sufficient notice to this *pro se* Plaintiff—its inherent power to dismiss. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962).

**I.**

Plaintiff filed his initial *pro so* complaint on September 15, 2023, naming "Applebees Corporation" ("Applebees") as the sole Defendant. Doc. No. 1. Despite receiving numerous chances and time extensions from the Court (Doc. Nos. 5, 7, 11, 15), Plaintiff has yet to effectuate proper service on Applebees in accordance with Fed. R. Civ. P. 4.

On February 21, 2025, Plaintiff apparently sought to add an additional defendant by filing a "Notice to add RHM Franchise as defendant to case." Doc. No. 25. The Court subsequently issued a show cause order requiring Plaintiff to either "show cause . . . as to why his Notice to Add RMH Franchise as a Defendant [] should not be stricken" or, in the alternative, "file an amended complaint by March 12, 2025." Doc. No. 27 at PageID 67. Plaintiff failed to comply with that Order. Doc. No. 31. Despite this, on May 27, 2026, the Court, in its discretion, provided Plaintiff with one final opportunity to file an amended complaint. *Id.* The May 27, 2026 Order stated that "[t]he amended complaint must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a)" and "must include <u>all claims</u> Plaintiff wishes to pursue against <u>all of the defendants</u> he wishes to proceed against, without relying upon or incorporating by reference any allegations made in the original complaint or other filings." *Id.* at Page ID 73. The Court warned Plaintiff that failure to comply with the May 27, 2026 Order could result in dismissal of the case. *Id.* at PageID 74.

**II.**

In his *pro se* amended complaint, Plaintiff provides minimal information about his case. He states, "I was working at my [j]ob and filed a lawsuit and was targeted by my m[an]ager after the GM was fired I made a complaint to human resources and nothing was done to protect me and the harassment got worse and worse[.]" He includes no additional factual information.[1] Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement must give the defendant or defendants fair notice of what the claim is and the grounds upon which such claim rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The amended complaint fails to meet this standard and, in turn, fails to comply with the Court's May 27, 2026 Order.

[1] Plaintiff's sentence continues as follows: "[S]u[e]ing a corporation under federal employment laws Title VIII of the Civil Rights Act of 1964 I was violated and Federal Rule Civil P. 17(b) establishes that the capacity of a corporation to sue is determine[d] by the law of the state where the corporation was organized that[']s why I want to add Jon Peyton and RMH franchi[se] to be held liable". Doc. No. 32 at PageID 77.

Further, despite Plaintiff alleging his employer retaliated against him and thus violated his rights under Title VII, Plaintiff has not provided a right-to-sue letter to the Court to show he exhausted his remedies through the Equal Employment Opportunity Commission. *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir.1989) (citing 42 U.S.C. § 2000e–5(f)(1) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798 (1973)). Absent a right-to-sue letter, and thus absent the exhaustion of his administrative remedies, Plaintiff's amended complaint may not proceed. *Mays v. Los Portales Restaurant*, No. 23-5544, 2024 WL 2963201, at *2 (6th Cir. Jan. 9, 2024) (citing *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018)); *see also Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir.) ("[A]llowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliary role.")

Liberally construing Plaintiff's *pro se* complaint in his favor and accepting his allegations as true, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), his amended complaint fails to assert a viable legal claim. Specifically, the amended complaint fails to provide Defendants with adequate notice. *See Twombly*, 550 U.S. at 555; *see also Younis*, 610 F.3d at 362. Given Plaintiff's repeated failure to comply with applicable rules and this Court's Orders, dismissal of Plaintiff's amended complaint is warranted pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent powers.

Accordingly, the Court **FINDS** that Plaintiff has failed to comply with the Court's May 27, 2026 Order. Doc. No. 27. Plaintiff's amended complaint is **DISMISSED** (Doc. No. 32), and this case is **DISMISSED WITHOUT PREJUDICE**. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

August 3, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge